UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
RUSSELL BOND,

                      Plaintiff,

             -against-

CITY OF NEW YORK; Police Officer
EDREWEENE RAYMOND, Captain STEVEN
GRIFFITH, JOHN and JANE DOE 1 through
10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants.

------------------------------------------------------------- x

**AMENDED
COMPLAINT**

11 CV 3164 (BMC)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Russell Bond ("plaintiff" or "Mr. Bond"), an African-American male, is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant defendants Edreweene Raymond and Steven Griffith were police officers, detectives or supervisors employed by the NYPD.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants Raymond and Griffith were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants Raymond and Griffith are sued in their individual and official capacities.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 5:45 p.m. on June 8, 2010, Plaintiff was lawfully present inside the Pennsylvania Avenue station on the Number 3 subway in Brooklyn, New York.

15.     Plaintiff had observed a commotion in the car adjacent to his that did not involve Plaintiff or anyone he knew.

16.     At the stop immediately prior to Pennsylvania Avenue, Plaintiff had observed the victim of the commotion leave the train.

17.     Plaintiff, along with his companions, exited the train at Pennsylvania Avenue and was stopped by Defendant Officers.

18.     Plaintiff and his companions fully cooperated with the officers, explaining that they were returning from shopping and had no knowledge of the

commotion.

19.     Plaintiff was searched and no contraband was found.

20.     Defendant officers searched another man in Plaintiff's group and recovered a pocketknife.

21.     Notwithstanding the fact that Plaintiff had committed no crime, Plaintiff was arrested.

22.     Plaintiff was handcuffed so excessively tightly that one of his wrists bled.

23.     Plaintiff was then taken to a police precinct.

24.     At the precinct, Plaintiff was unlawfully strip-searched without justification.

25.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that Plaintiff had committed the offense of disorderly conduct.

26.     Plaintiff was then taken to Brooklyn Central Booking.

27.     At arraignment, approximately 41 hours after his arrest, Plaintiff was released on his own recognizance.

28.     After his release, Plaintiff was left with a cut on his arm due to the excessively tight handcuffs.

29.     On January 18, 2011, the criminal charges against Plaintiff were adjourned in contemplation of dismissal.

30.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

31.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

32.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

33.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

36.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

5

## SECOND CLAIM
### Unlawful Stop and False Arrest

37.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.     Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion and arrested plaintiff without probable cause.

39.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

42.     Plaintiff was conscious of his confinement.

43.     Plaintiff did not consent to his confinement.

44.     Plaintiff's confinement was not otherwise privileged.

45.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

52.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### SIXTH CLAIM
### Negligent Hiring/Training/Retention Of
### Employment Services

54.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

56.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

57.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

58.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

59.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Unlawful Strip Search

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

62.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

66.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:      September 29, 2011
                  New York, New York

                                        HARVIS & SALEEM LLP

                                        _____
                                        Afsaan Saleem
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        asaleem@harvisandsaleem.com